```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ROBERT TAYLOR,                                :

                    Petitioner,               :    **MEMORANDUM AND ORDER**

          -against-                           :    06 Civ. 7675 (LTS)(KNF)

WILLIAM BROWN,                                :
SUPERINTENDENT AT EASTERN
CORRECTIONAL FACILITY,                        :

                    Respondents.              :

------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

## I. INTRODUCTION

Before the Court is Robert Taylor's ("Taylor") pro se petition for a writ of habeas corpus made pursuant to 28 U.S.C. § 2254. Taylor contends that his confinement by New York State is unlawful because his constitutional rights were violated when: (1) the trial court failed to give the jury a missing witness instruction; (2) the sentencing court penalized him for exercising his right to trial by sentencing him to the maximum term of imprisonment, though Taylor was offered a lesser sentence, before trial, if he pleaded guilty; and (3) his trial attorneys rendered ineffective assistance to him, by failing to investigate and assert an alibi defense. Taylor dated his petition September 5, 2006.

Subsequently, Taylor filed a motion to stay the habeas corpus proceedings and hold his petition in abeyance so that he could return to state court to exhaust his ineffective assistance of trial counsel claim. On June 5, 2007, the Court granted Taylor's motion, and ordered that Taylor

initiate his state-court proceedings within thirty days of the date of the Court's order, and that Taylor "return to federal court within thirty days of the date on which the pertinent state-court proceeding(s) on his [New York Criminal Procedure Law ("CPL")] § 440.10 motion is concluded." In September 2008, the Court directed the petitioner to advise it, on or before October 8, 2008, of the status of his CPL § 440.10 motion. In response, the petitioner submitted a letter bearing the date September 15, 2008, which states that his CPL § 440.10 motion was denied on January 28, 2008. In his letter, the petitioner states that he was "under the impression" that a law clerk who is "no longer at [Taylor's] facility" had notified the Court that the CPL § 440.10 motion had been denied.

## II. BACKGROUND AND PROCEDURAL HISTORY

Following the petitioner's arrest, in February 2002, he was indicted on one count of first-degree attempted manslaughter, one count of first-degree criminal use of a firearm, one count of second-degree criminal possession of a weapon and two counts of second-degree assault. After a mistrial, the petitioner was re-tried and found guilty for assault and criminal possession of a weapon, and was found not guilty on the remaining charges. In March 2003, the petitioner was sentenced to 15 years imprisonment to run concurrently with two consecutive determinate terms of seven years imprisonment.

In September 2003, the petitioner filed a notice of appeal with the New York State Supreme Court, Appellate Division, First Department, and argued, inter alia, that: (1) the trial court erred in refusing to give the jury a missing witness instruction; and (2) the court's imposition of the maximum sentence constituted an impermissible penalty levied against him for declining to plead guilty and exercising his constitutional right to have a trial. In April 2005, the

Appellate Division affirmed the petitioner's conviction unanimously. See People v. Taylor, 17 A.D.3d 174, 793 N.Y.S.2d 29 (App. Div. 1ˢᵗ Dep't 2005). The petitioner applied for leave to appeal to the New York Court of Appeals. On June 29, 2005, that application was denied. See People v. Taylor, 5 N.Y.3d 770, 801 N.Y.S.2d 264 (2005).

The instant application for a writ of habeas corpus followed.

### III. DISCUSSION

Timeliness of Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, amended 28 U.S.C. § 2244(d) to provide a one-year statute of limitations for habeas corpus petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1), as amended by AEDPA, Pub.L. No. 104-132, §§ 101, 106, 110 Stat. 1214 (1996).

AEDPA's amendments apply to non-capital habeas corpus cases filed after April 24,

1996, the date on which the statute was enacted. See Lindh v. Murphy, 521 U.S. 320, 322-23, 117 S.Ct. 2059, 2061 (1997). Taylor's petition, filed after the effective date of AEDPA, is subject to the one-year statute of limitations.[1] Only sub-paragraph (A) applies here, as none of the events covered by sub-paragraphs (B), (C), or (D) are implicated.

The Second Circuit has made clear that a conviction becomes final, and AEDPA's one-year limitation period begins to run, upon the expiration of the time to seek direct review in the United States Supreme Court by writ of certiorari. See Acosta v. Artuz, 221 F.3d 117, 120 (2d Cir. 2000) (citations omitted). Therefore, a petitioner's conviction becomes final, for the purpose of determining timeliness, ninety (90) days after entry of the judgment of conviction or entry of the order denying discretionary review. See Sup. Ct. R. 13(1) (establishing ninety-day period for filing petition for writ of certiorari).

In the case at bar, Taylor's conviction became final, for the purposes of the statute of limitations, on September 27, 2005, ninety (90) days after the New York Court of Appeals denied him leave to appeal. Between the date on which his conviction became final and September 5, 2006–the date supplied by Taylor on his habeas corpus petition–343 days elapsed. Therefore, Taylor filed his habeas corpus petition within one year of the date his conviction became final.

Non-Compliance with "Stay and Abeyance" Order

In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the Supreme Court endorsed the use of a "stay and abeyance" technique when district courts are confronted with "mixed"

---

[1] The petition is dated September 5, 2006. That is the earliest date on which it could have been delivered to prison authorities for mailing and the earliest date on which it can be deemed filed. See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988). The latest filing date that could be considered is September 25, 2006, when the petition was filed with the Clerk of Court for the Southern District of New York.

habeas corpus petitions, that is, petitions containing both exhausted and unexhausted claims. However, the Supreme Court warned that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277, 125 S. Ct. at 1534. To assuage such adverse consequences, the Supreme Court recommended that district courts "place reasonable time limits on a petitioner's trip to state court and back." Id. at 278, 125 S. Ct. at 1535. The Second Circuit has held that, when employing a "stay and abeyance" approach to a mixed petition, "the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days." Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001). By conditioning a stay "on the petitioner's taking action within limited intervals," the petitioner is "alert[ed] . . . to the need for expeditious exhaustion." Id.

When confronted with the failure of a petitioner to comply with a court's "stay and abeyance" order, the Second Circuit has stated that "the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed," unless sufficient time remained, on the petitioner's one-year limitations period under AEDPA, to cover the period of non-compliance. Id. Alternatively, it has been found that, "[g]iven the absence of an explicit warning to Petitioner that the stay could be vacated nunc pro tunc if he failed to return to court in time, and Petitioner's pro se status, one might argue that the stay should be considered as having been vacated only upon Petitioner's failure to comply with its condition, and not retroactively,

5

with the limitations period being tolled until the stay was actually vacated." Johnson v. Girdich, No. 03 Civ. 5086, 2005 WL 427576, at *5, (S.D.N.Y. Feb. 23, 2005).

In the instant case, Taylor's CPL § 440.10 motion was denied on January 28, 2008, and, therefore, under the "limited intervals" provided by the Court's June 2007 order, Taylor was obligated to return to federal court on or before February 27, 2008. However, Taylor did not notify the Court of the termination of his state-court proceedings until he submitted a letter to the Court dated September 15, 2008. Between February 27, 2007, and September 15, 2008, 201 days elapsed; and, as noted previously, 343 days had already elapsed from the time Taylor's conviction became final and the earliest date on which his habeas corpus petition may be deemed filed, September 5, 2006–the date provided by Taylor in his habeas corpus petition. See Houston, 487 U.S. at 276, 108 S. Ct. at 2385. Since Taylor failed to comply with the 30-day deadline provided in the Court's "stay and abeyance" order, the Court can vacate the stay that had been granted. See Zarvela, 254 F.3d at 381; Johnson, 2005 WL 427576, at *5. Regardless of whether the stay is vacated nunc pro tunc, or is deemed vacated as of the date the petitioner failed to return to federal court, Taylor's habeas corpus petition has been rendered untimely filed, since Taylor had only 22 days remaining of the one-year limitations period provided by AEDPA and over 200 days elapsed between the date the petitioner was obligated to return to federal court and the date of his September 2008 letter to the Court. In order for Taylor to overcome the untimeliness of his habeas corpus petition, he must "demonstrate sufficient cause for the delay." Johnson, 2005 WL 427576, at *6.

Two methods have been identified by which a habeas corpus petitioner may demonstrate cause for the delay in returning to federal court: (1) "establish that the limitations period, or the

30-day deadline upon which the stay of the petition was conditioned, should be equitably tolled"; or (2) show that the "one-year AEDPA limitations period did not in fact run from the date when his conviction became final," but, rather, it runs from one of the events described in sub-paragraphs (B), (C), or (D) of 28 U.S.C. § 2244(d). Johnson, 2005 WL 427576, at *6. In order to establish entitlement to an equitable toll of the one-year limitations period, a petitioner must show that:

> extraordinary circumstances prevented him from filing his petition on time, and he . . . acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, [i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001), cert. denied, 536 U.S. 925, 122 S. Ct. 2593 (2002)(internal citations, emphasis, and quotation marks omitted).

In his letter to the Court, the petitioner explained that he failed to return promptly to federal court, upon exhausting his state-court remedies, because he was "under the impression" that a law clerk had notified the Court that his CPL § 440.10 motion had been denied. Taylor does not indicate whether he believed that the law clerk had contacted the Court within 30 days of the decision on his CPL § 440.10 motion. A petitioner's mistaken belief, without more, does not constitute "extraordinary circumstances" so as to warrant equitable tolling. See e.g. Hickey v. Senkowski, 02 Civ. 1437, 2003 WL 255319, a *4 (S.D.N.Y. Feb. 4, 2003)(stating that

7

"[p]laintiff's mistake as to when his grace period began accruing is not a basis for equitable tolling," and that "[e]ven a pro se plaintiff's misapprehension of the law regarding the statute of limitations does not constitute 'extraordinary or unusual circumstances' preventing him from filing a timely petition"). Moreover, even if the Court found that the petitioner had established "extraordinary circumstances," it is unlikely that he could demonstrate that he exercised "reasonable diligence," during the period he seeks to toll, since the petitioner did not proffer an explanation of the actions he took, from January 2008 to September 2008, to pursue either exhaustion of his state-court remedies or his federal habeas corpus petition. See, e.g., Gadson v. Greiner, No. 00-CV-1179, 2000 WL 1692846, at *2, (E.D.N.Y. Sept. 27, 2000)(finding that a one-year period and a seven and one-half month period constituted "prolonged periods of inactivity [that] cannot be viewed as anything other than a marked lack of diligence"). Furthermore, nothing in the court's records indicate that the petitioner attempted to contact the court regarding the status of his federal habeas corpus petition or the disposition of his CPL § 440.10 motion during this time period, nor is there any indication that an impediment existed, which prevented him from doing so.

In any event, the Second Circuit has held that, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000). Inasmuch as the Court is raising the issue of untimeliness sua sponte, and the petitioner did not have notice previously of the possibility of dismissal of his petition on

8

this basis, the petitioner will be afforded an opportunity to respond.

## IV. CONCLUSION

Taylor is directed to file an affidavit, within thirty (30) days from the date of this Order, showing cause why AEDPA's one-year statute of limitations should not bar the instant petition. The petitioner is instructed to supply the Court with detailed factual allegations regarding the dates pertaining to the exhaustion of his state-court remedies and his subsequent contact with this court. Should the petitioner wish to make an equitable tolling argument, he is instructed to set forth detailed facts that establish the basis for equitable tolling, as this principle is described above. No response shall be required from the respondent at this time and all further proceedings shall be stayed for thirty (30) days, pending the petitioner's compliance with this Order. If the petitioner fails to comply with this Order within the time allowed, it will be recommended to the assigned district judge, that the instant petition be dismissed, as time-barred, under 28 U.S.C. § 2244(d), for the above-noted reasons.

Dated: New York, New York
       October 2, 2008

SO ORDERED:

Copies mailed to:

*/s/ Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Robert Taylor, pro se
88-B-2381
Eastern Correctional Facility
P.O. Box 338
Napanoch, NY 12458-0338

Ashlyn Dannelly
Assistant Attorney General
State of New York
Office of the Attorney General
120 Broadway
New York, NY 10271

9