UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ROBERT TAYLOR,                              :

             Petitioner,          :     **REPORT AND RECOMMENDATION**

      -against-                         :     06 Civ. 7675 (LTS)(KNF)

WILLIAM BROWN,                              :
SUPERINTENDENT AT EASTERN
CORRECTIONAL FACILITY,            :

           Respondents.         :

-------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Robert Taylor ("Taylor"), proceeding pro se, petitions for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Taylor contends his confinement by New York State is unlawful

because his constitutional rights were violated when: (1) the trial court failed to give the jury a

missing witness instruction; (2) the sentencing court penalized him for exercising his right to trial

by sentencing him to the maximum term of imprisonment, though Taylor was offered a lesser

sentence, before trial, if he pleaded guilty; and (3) his trial attorneys rendered ineffective

assistance to him, by failing to investigate and assert an alibi defense.

By an order dated October 2, 2008, the Court directed Taylor to file an affidavit, within

thirty (30) days from the date of the order, showing cause why the one-year statute of limitations

of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") should not bar his

petition.  See Taylor v. Brown, No. 06 Civ. 7675, 2008 WL 4452360, at *5, 2008 U.S. Dist.

LEXIS 77016, at *13-14 (S.D.N.Y. Oct. 2, 2008).  Taylor did not file a timely affidavit.  The

petitioner's application for the writ is addressed below.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Following the petitioner's arrest, in February 2002, he was indicted on one count of first-

degree attempted manslaughter, one count of first-degree criminal use of a firearm, one count of

second-degree criminal possession of a weapon and two counts of second-degree assault.  After a

mistrial, the petitioner was re-tried and found guilty for assault and criminal possession of a

weapon, and was found not guilty on the remaining charges.  In March 2003, the petitioner was

sentenced to 15 years imprisonment to run concurrently with two consecutive determinate terms

of seven years imprisonment.

In September 2003, the petitioner filed a notice of appeal with the New York State

Supreme Court, Appellate Division, First Department.  In April 2005, the Appellate Division

affirmed the petitioner's conviction unanimously.  See People v. Taylor, 17 A.D.3d 174, 793

N.Y.S.2d 29 (App. Div. 1st Dep't 2005).  The petitioner applied for leave to appeal to the New

York Court of Appeals.  On June 29, 2005, that application was denied.  See People v. Taylor, 5

N.Y.3d 770, 801 N.Y.S.2d 264 (2005).  The instant application for a writ of habeas corpus

followed.  Taylor dated his petition September 5, 2006.

In April 2007, Taylor filed a motion to stay the habeas corpus proceedings and hold his

petition in abeyance so that he could return to state court to exhaust his ineffective assistance of

trial counsel claim.  In June 2007, the Court granted Taylor's motion, and ordered that Taylor

initiate his state-court proceedings within thirty days of the date of the Court's order, and that

Taylor "return to federal court within thirty days of the date on which the pertinent state-court

proceeding(s) on his [New York Criminal Procedure Law ("CPL")] § 440.10 motion is

concluded."  In September 2008, the Court directed the petitioner to advise it, on or before

October 8, 2008, of the status of his CPL § 440.10 motion.  In response, the petitioner submitted

a letter bearing the date September 15, 2008, which states that his CPL § 440.10 motion was

denied on January 28, 2008.  In his letter, the petitioner stated that he was "under the impression"

that a law clerk who is "no longer at [Taylor's] facility" had notified the Court that the CPL §

440.10 motion had been denied.  The record does not indicate Taylor exhausted the remedies

available in the state courts by appealing from the denial of his CPL § 440.10 motion to the

highest state court that could entertain such an appeal.  See 28 U.S.C. § 2254(b)(1)(A).

### III. DISCUSSION

A.  Timeliness of Petition

AEDPA, enacted on April 24, 1996, amended 28 U.S.C. § 2244(d) to provide a one-year

statute of limitations for habeas corpus petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct
> > review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State
> > action in violation of the Constitution or laws of the United States is
> > removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized
> > by the Supreme Court, if the right has been newly recognized by the Supreme
> > Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented
> > could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2244(d)(1), as amended by AEDPA, Pub.L. No. 104-132, §§ 101, 106, 110 Stat. 1214 (1996).

AEDPA's amendments apply to non-capital habeas corpus cases filed after April 24, 1996, the date on which the statute was enacted.  See Lindh v. Murphy, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063 (1997).  Taylor's petition, filed after the effective date of AEDPA, is subject to the one-year statute of limitations.[1]  Only sub-paragraph (A) applies here, as none of the events covered by sub-paragraphs (B), (C), or (D) are implicated.

The Second Circuit has made clear that a conviction becomes final, and AEDPA's one-year limitation period begins to run, upon the expiration of the time to seek direct review in the United States Supreme Court by writ of certiorari.  See Acosta v. Artuz, 221 F.3d 117, 120 (2d Cir. 2000) (citations omitted).  Therefore, a petitioner's conviction becomes final, for the purpose of determining timeliness, ninety (90) days after entry of the judgment of conviction or entry of the order denying discretionary review.  See Sup. Ct. R. 13(1) (establishing ninety-day period for filing petition for writ of certiorari).

In the case at bar, Taylor's conviction became final, for the purposes of the statute of limitations, on September 27, 2005, ninety (90) days after the New York Court of Appeals denied him leave to appeal.  Between the date on which his conviction became final and September 5, 2006–the date supplied by Taylor on his habeas corpus petition–343 days elapsed.  Therefore, Taylor filed his habeas corpus petition within one year of the date his conviction became final.

---

[1] The petition is dated September 5, 2006.  That is the earliest date on which it could have been delivered to prison authorities for mailing and the earliest date on which it can be deemed filed.  See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988).  The latest filing date that could be considered is September 25, 2006, when the petition was filed with the Clerk of Court for the Southern District of New York.

Non-Compliance with "Stay and Abeyance" Order

In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the Supreme Court endorsed the use of a "stay and abeyance" technique when district courts are confronted with "mixed" habeas corpus petitions, that is, petitions containing both exhausted and unexhausted claims. However, the Supreme Court warned that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277, 125 S. Ct. at 1534.  To assuage such adverse consequences, the Supreme Court recommended that district courts "place reasonable time limits on a petitioner's trip to state court and back." Id. at 278, 125 S. Ct. at 1535.  The Second Circuit has held that, when employing a "stay and abeyance" approach to a mixed petition, "the court should condition the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days, and a return to the district court after exhaustion is completed, also within a limited period, normally 30 days." Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001).  By conditioning a stay "on the petitioner's taking action within limited intervals," the petitioner is "alert[ed] . . . to the need for expeditious exhaustion." Id.

When confronted with the failure of a petitioner to comply with a court's "stay and abeyance" order, the Second Circuit has stated that "the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed," unless sufficient time remained, on the petitioner's one-year limitations period under AEDPA, to cover the period of non-compliance. Id.  Alternatively, it has been found that, "[g]iven the absence of an explicit

5

warning to Petitioner that the stay could be vacated <u>nunc</u> <u>pro</u> <u>tunc</u> if he failed to return to court in

time, and Petitioner's <u>pro</u> <u>se</u> status, one might argue that the stay should be considered as having

been vacated only upon Petitioner's failure to comply with its condition, and not retroactively,

with the limitations period being tolled until the stay was actually vacated." <u>Johnson v. Girdich</u>,

No. 03 Civ. 5086, 2005 WL 427576, at *5 (S.D.N.Y. Feb. 23, 2005).

In the instant case, Taylor's CPL § 440.10 motion was denied on January 28, 2008, and,

therefore, under the "limited intervals" provided by the Court's June 2007 order, Taylor was

obligated to return to federal court on or before February 27, 2008.  However, Taylor did not

make any submission to the Court regarding the termination of his state-court proceedings until

he submitted a letter dated September 15, 2008.  Between February 27, 2007, and September 15,

2008, 201 days elapsed; and, as noted previously, 343 days had already elapsed from the time

Taylor's conviction became final and the earliest date on which his habeas petition may be

deemed filed, September 5, 2006–the date provided by Taylor in his habeas corpus petition.  See

Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988).  Since Taylor failed to

comply with the 30-day deadline provided in the Court's "stay and abeyance" order, the Court

can vacate the stay that had been granted.  <u>See</u> <u>Zarvela</u>, 254 F.3d at 381; Johnson, 2005 WL

427576, at *5.  Regardless of whether the stay is vacated nunc pro tunc, or is deemed vacated as

of the date the petitioner failed to return to federal court, Taylor's habeas corpus petition has

been rendered untimely filed, since Taylor had only 22 days remaining of the one-year limitations

period provided by AEDPA and over 200 days elapsed between the date the petitioner was

obligated to return to federal court and the date of his September 2008 letter to the Court.  In

order for Taylor to overcome the untimeliness of his habeas corpus petition, he must

"demonstrate sufficient cause for the delay."  Johnson, 2005 WL 427576, at *6.

Two methods have been identified by which a habeas corpus petitioner may demonstrate cause for the delay in returning to federal court: (1) "establish that the limitations period, or the 30-day deadline upon which the stay of the petition was conditioned, should be equitably tolled"; or (2) show that the "one-year AEDPA limitations period did not in fact run from the date when his conviction became final," but, rather, it runs from one of the events described in sub-paragraphs (B), (C), or (D) of 28 U.S.C. § 2244(d).  Johnson, 2005 WL 427576, at *6.  In order to establish entitlement to an equitable toll of the one-year limitations period, a petitioner must show that:

> extraordinary circumstances prevented him from filing his petition on time, and he . . . acted with reasonable diligence throughout the period he seeks to toll.  To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.  Hence, [i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001), cert. denied, 536 U.S. 925, 122 S. Ct. 2593 (2002)(internal citations, emphasis, and quotation marks omitted).  "Without more, a petitioner's pro se status does not merit equitable tolling."  Hickey v. Senkowski, No. 02 Civ. 1437, 2003 WL 255319, at *3, 2003 U.S. Dist. LEXIS 1606, at *8 (S.D.N.Y. Feb. 4, 2003) (citations omitted).

In his September 15, 2008 letter to the Court, the petitioner explained that he failed to

return promptly to federal court upon exhausting his state-court remedies because he was "under the impression" that a law clerk had notified the Court that his CPL § 440.10 motion had been denied. Despite the Court's October 2007 order, which afforded Taylor notice and an opportunity to be heard concerning the timeliness of his habeas corpus petition and whether he qualified for equitable tolling, Taylor filed nothing in response to the Court's order.

Based on the record before the Court, Taylor may not take advantage of the doctrine of equitable tolling. Case law does not support a finding that a petitioner's mistaken belief, without more, constitutes "extraordinary circumstances" so as to warrant equitable tolling. See e.g. id. at *4, 2003 U.S. Dist. LEXIS 1606, at *12 (stating that "[p]laintiff's mistake as to when his grace period began accruing is not a basis for equitable tolling," and that "[e]ven a pro se plaintiff's misapprehension of the law regarding the statute of limitations does not constitute 'extraordinary or unusual circumstances' preventing him from filing a timely petition"). Moreover, even if the Court were to find that the petitioner had established "extraordinary circumstances," it is unlikely that he could demonstrate that he exercised "reasonable diligence" during the period he seeks to toll, since the petitioner did not proffer an explanation of the actions he took, from January 2008 to September 2008, to pursue either exhaustion of his state-court remedies or his federal habeas corpus petition. See, e.g., Gadson v. Greiner, No. 00 CV 1179, 2000 WL 1692846, at *2, 2000 U.S. Dist. LEXIS 16185, at *6 (E.D.N.Y. Sept. 27, 2000)(finding that a one-year period and a seven and one-half month period constituted "prolonged periods of inactivity [that] cannot be viewed as anything other than a marked lack of diligence"). Furthermore, nothing in the court's records indicate that the petitioner attempted to contact the court regarding the status of his federal habeas corpus petition or the disposition of his CPL § 440.10 motion during this time

8

period, nor is there any indication that an impediment existed, which prevented him from doing so.

## IV.  RECOMMENDATION

For the reasons set forth above, I recommend that Taylor's petition for a writ of habeas corpus be denied as time-barred.

## IV.  FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  See also, Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain, 40 Centre Street, Room 410, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Swain.  FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      January 30, 2009

Respectfully submitted,

Copies mailed to:

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Robert Taylor, pro se
Ashlyn Dannelly, Esq.

9