UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ROBERT TAYLOR,

        Petitioner,

-v-                                                   No. 06 Civ. 7675 (LTS)(KNF)

WILLIAM BROWN,

        Respondent.

------------------------------------------------------------x

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

### ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se petitioner Robert Taylor ("Petitioner") brings this habeas corpus petition (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County for one count of criminal use of a firearm in the first degree, one count of criminal possession of a weapon in the second degree, and two counts of assault in the second degree. Petitioner asserts three claims for habeas relief: (1) that the trial court improperly failed to give the jury a missing witness instruction; (2) that the trial court penalized Petitioner for exercising his constitutional right to a trial by sentencing him to the maximum term of imprisonment, although a lesser sentence had been offered as part of a plea bargain; and (3) that Petitioner received ineffective assistance of counsel at trial.

On February 2, 2009, Magistrate Judge Fox issued a Report and Recommendation (the "Report"), recommending that the Petition be denied (docket entry no. 9). The Court has considered thoroughly all of the parties' submissions, and for the following reasons, the Court adopts Judge Fox's recommended conclusion and denies the petition for a writ of habeas corpus.

The factual and procedural background of this matter are described in detail in the

Report, familiarity with which is presumed.

In reviewing a Report and Recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(c) (West Supp. 2006). To accept the Report of a magistrate judge to which no timely objection has been made, a district court "need only satisfy itself that there is no clear error on the face of the record." Johnson v. Reno, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001); see also Bryant v. New York State Dep't of Corr. Servs., 146 F. Supp. 2d 422, 424-45 (S.D.N.Y. 2001) (court may accept portions of the report to which no objections have been made if it is "not facially erroneous").

To date, no objections to the Report have been received by the Court. Therefore, the Court applies a clear error standard of review. The Court has reviewed Judge Fox's comprehensive and well-reasoned Report thoroughly and finds no clear error, with the exception of what appear to be two typographical errors. The Court presumes that the Report's reference to February 27, 2007, as the date that Petitioner was required to return to this Court after exhausting his ineffective assistance of counsel claim in state court is a typographical error intended to be February 27, 2008. As Judge Fox correctly notes elsewhere in the Report, February 27, 2008, is exactly 30 days after Petitioner's CPL § 440.10 motion was denied on January 28, 2008. Moreover, the Report concludes that 201 days elapsed between the date that Petitioner was required to return to this Court and September 15, 2008, the date that Petitioner actually did so, a calculation that can be based only on a February 27, 2008, date. This typographical error has no effect on Judge Fox's conclusion that the Petition is untimely, since, as the Report correctly notes, 201 days elapsed between the date Petitioner was obligated to return to federal court and the submission of his September 15, 2008, letter to the Court regarding the status of his state court proceedings.

Similarly, the Report's reference on page 8 to an "October 2007 order" is presumed to be a reference to Judge Fox's October 2, 2008, Memorandum and Order (docket entry no. 8). Accordingly, the Court adopts Judge Fox's Report and Recommendation in its entirety, with the deemed correction of the typographical errors noted above. For the reasons stated in the Report, the Petition is denied.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealibility." 28 U.S.C.A § 253(c)(1) (West Supp. 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A § 2253(c)(2) (West Supp. 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d. Cir. 1997) (discussing the standard for issuing a certificate of appealibility). The Court finds that Petitioner will not be able to sustain this burden. Thus, the Court declines to issue a certificate of appealibility.

The Clerk of Court is respectfully requested to enter judgment dismissing the Petition and to close this case.

SO ORDERED.

Dated: New York, New York
August 11, 2009

LAURA TAYLOR SWAIN
United States District Judge